## BENEDICT and others *vs.* SHERILL.

Defendant wrote and addressed the following letter to a party in New York city : "Dear Sir—Mr. J. T. is going to the city to purchase goods. He is desirous of purchasing on credit to the amount of from $1000 to $1500. *I will guarantee the payment of such debts as he may contract for the purchase of goods on credit to that amount.*" This was signed by defendant. *Held,* in an action against defendant as guarantor, that the consideration was sufficiently expressed, and that the guaranty was not confined to debts contracted with the party to whom the letter was addressed, but included the debt due to another who had sold goods and given credit to J. T. on the strength of the above letter. (a)

It was a general letter of credit whereby defendant engaged to pay all such debts as J. T. might contract in the purchase of goods, on the usual credit, to the amount specified.

ACTION upon the following guaranty :

"Ithaca, Sept. 20, 1841.

James McElroy.

Dear Sir : Mr. John Tichenor is going to the city to purchase goods. He is desirous of purchasing on credit to the amount of from $1,000 to $1,500. I will *guarantee the payment of such debts as he may contract for the purchase of goods on credit to that amount.*" Signed by the defendant.

McElroy, to whom the letter of credit is addressed, had been a merchant in Ithaca, and was an acquaintance of Tichenor and the defendant. He had removed to the city of New York, and was at the time a clerk in the store of Williams, White & Co. Tichenor carried the letter with him when he went to buy the goods, and made some four bills at different houses, amounting in the aggregate to a little short of the $1,500. The bill at plaintiff's was $655.04 and the usual credit given at four months upon the strength of the guaranty. One of the bills was made at the house of Williams, White & Co. where McElroy was clerk.

The four bills of goods were endorsed on the letter at the time of the purchase, and the following receipt given by

(a) See *Walrath* v. *Thompson,* 4 Hill, 200, 6 id., 540, and 2 Comst., 185 ; *Smith* v. *Dunn,* 6 Hill, 543 ; *Gates* v. *McGee,* 3 Kern., 232.

Tichenor : "Rec'd on the above guaranty goods from the above houses as per amount stated.    Sept. 29, 1841."

When the plaintiff rested the defendant moved for a nonsuit on various grounds : 1. Variance between proof and declaration; in this, that the guaranty was set out as an absolute one for $1,500, whereas it was conditional or in the alternative, $1,000 or $1,500. 2. That no consideration is expressed in the guaranty. 3. That it is not a contract with the plaintiffs, and not assignable. 4. That it is addressed to one person, and does not authorize the credit of several houses, making several distinct contracts. Overruled, and verdict for plaintiff for $723.23. Defendant moves for new trial on a bill of exceptions.

*By the Court*, NELSON, Ch. J.    There is nothing in the several objections taken to the recovery.

The declaration sets out the guaranty according to its legal effect, covering a credit not to exceed, in all, $1,500. The consideration is sufficiently expressed, as has been repeatedly held. (1 Camp., 242, *Stadt* v. *Sill ;* 9 East, 340, *S. C.,* 10 Wend. 218, *Rogers* v. *Kneeland.*)

And as to its being addressed to McElroy, it is apparent on the face of the instrument, it was not expected that the goods would be purchased of him ; nor does it purport a promise to him in particular, but the contrary. It is a general letter of credit addressed, through McElroy, a common friend, to the merchants in the city ; and the defendant engages in general terms to pay all such debts as T. may contract in the purchase of goods to the amount specified, on the usual credit.

This answers the further objection, that the credit should have been confined to one house, and not split up into several separate and distinct contracts. The undertaking was limited to no house in particular, but left open to be used as most advantageous to the purchaser, provided he kept within the prescribed amount. The course of dealing in the purchase of a stock of goods would naturally advise the defendant that bills must be made with different houses.

New trial denied.